UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:



FILED by _RGS_ D.C.
AUG 2 8 2009
STEVEN M. LARIMORE
CLERK U S DIST CT
S. D. of FLA. – MIAMI

JOACHIM E. TRAEBECKE,
individually and no behalf of
persons similarly situated,

    Plaintiff,

vs.

HOLIDAY CVS, L.L.C., a
Florida limited liability company;
CVS CAREMARK CORPORATION,
a Delaware corporation d/b/a
CVS/PHARMACY; CVS PHARMACY,
INC., a Rhode Island corporation d/b/a
CVS/PHARMACY; and XYZ ENTITIES
1-1000, fictitious names of unknown
liable entities,

    Defendants.
_____/

09-22553

CIV-UNGARO

MAGISTRATE JUDGE
SIMONTON

## COMPLAINT

Plaintiff, JOACHIM E. TRAEBECKE, on behalf of himself individually and others similarly situated, hereby alleges the following causes of action:

1. Plaintiff brings this collective action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, on behalf of himself and on behalf of other, similarly situated, current and former employees of Defendants, CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and HOLIDAY CVS, L.L.C., and their respective divisions, subsidiaries and affiliates, however constituted, including but not limited to XYZ ENTITIES 1-1000. (CVS CAREMARK CORPORATION, CVS PHARMACY, INC., HOLIDAY CVS L.L.C. and all such divisions, subsidiaries and affiliates, including but not limited to XYZ

ENTITIES 1-1000, are to be referred to herein collectively as "CVS" or "Defendants," all as more fully alleged in paragraph 7.)

2.  Plaintiff, JOACHIM E. TRAEBECKE, was an employee of Defendants who worked as an Assistant Manager from about October 2007 until the present. At all times material hereto, Plaintiff performed a substantial part of his work duties in Miami-Dade County, Florida within the jurisdiction of this Court.

3.  When working in the position of assistant manager for CVS, Plaintiff worked as a mis-classified exempt employee. In the assistant manager position for CVS, Plaintiff's primary duties were of a non-exempt nature. In the position of a salaried assistant manager, Plaintiff was mis-classified by CVS as being exempt from the overtime protections of the FLSA.

4.  Defendant, CVS CAREMARK CORPORATION, is a foreign corporation incorporated in the State of Delaware and authorized to do business in the State of Florida. It serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.

5.  Defendant, CVS PHARMACY, INC., is a foreign corporation incorporated in the State of Rhode Island and authorized to do business in the State of Florida. It serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.

6.  Defendant, HOLIDAY CVS, L.L.C., is a Florida limited liability company authorized to do business in the State of Florida. It serves customers in Florida and elsewhere, directly and through various divisions, subsidiaries and affiliates, however constituted.

7.  Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, each Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined

in 29 U.S.C. §203®) and 203(s). The annual gross sales volume of each of the Defendants was in excess of $500,000.00 per annum during the material time.

8. Defendants, XYZ ENTITIES 1-1000, comprise or operate one or more divisions, subsidiaries, or affiliates of CVS CAREMARK CORPORATION, CVS PHARMACY, INC., or HOLIDAY CVS, L.L.C. Defendants, XYZ ENTITIES 1-1000, are fictitious names for subsidiary companies or affiliated companies, partnerships, joint ventures, corporations, or other entities responsible for the wrongful conduct and labor practices causing harm to the Plaintiff and those similarly situated, as further alleged herein. The true names and capacities of these XYZ entities are unknown to Plaintiff at this time, but Plaintiff may amend the Complaint when and if the true names of said other defendants becomes known such that they can be correctly named.

9. Defendants, CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and HOLIDAY CVS, L.L.C., in conjunction with their respective divisions, subsidiaries or affiliates in the United States, however such divisions, subsidiaries or affiliates are constituted, including but not limited to XYZ ENTITIES 1-1000, have at all material times done business under the name of CVS in the United States. These CVS entities directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees, including without limitation directly or indirectly controlling the terms and conditions of employment and compensation of Plaintiff and others similarly situated. Alternately, Defendants CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and HOLIDAY CVS, L.L.C., and each of their respective divisions, subsidiaries or affiliates, however constituted, including but not limited to XYZ ENTITIES 1-1000, were joint employers of Plaintiff and other similarly situated non-exempt workers in their respective territory or territories because each respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such Plaintiff and such similarly situated persons.

As a further alternative, Defendants, CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and HOLIDAY CVS, L.L.C., and each of their respective divisions, subsidiaries or affiliates, however constituted for all nationwide location(s) at issue, including but not limited to XYZ ENTITIES 1-1000, were joint employers of the Plaintiff and the similarly situated non-exempt workers in their respective territories because they commonly controlled the terms of compensation and conditions of employment of Plaintiff and other similarly situated, and are not completely disassociated with respect to the terms of compensation and conditions of employment of Plaintiff and others similarly situated. As a final alternative, Defendants, CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and HOLIDAY CVS, L.L.C., or each of XYZ ENTITIES 1-1000, directly or indirectly acted in the interest of an employer toward Plaintiff and other similarly situated employees at locations in the United States at all material times including, without limitation, directly or indirectly controlling the terms and conditions of employment and compensation of Plaintiff and other workers similarly situated.

### Collective Action Allegations

10. This collective action includes all mis-classified, salaried assistant manager employees of CVS, who worked in the capacity of assistant manager, however variously titled, at any location of every division, subsidiaries, or affiliate of CVS throughout the United States, however constituted, including but not limited to XYZ ENTITIES 1-1000, in excess of forty (40) hours ("overtime hours") per work week in one or more work weeks on or after June 2006, and who did not receive their overtime rate of pay for all of their overtime hours worked within such work weeks. (Collectively referred to as the "assistant manager class," the "asserted class" or as those employees "similarly situated")

11. The material time for the claims under the FLSA in this case is the three year period

prior to the date of each plaintiff or similarly situated person's joinder or opting into this action, and the period of additional time, if any, that each such person's claims were tolled or extended by agreement of one or more Defendants, by equity, or by operation of law.

12. At all times material to this Complaint, CVS failed to pay Plaintiff and similarly situated persons properly for all overtime hours worked - that is, all of the hours worked in excess of forty (40) - within a work week in compliance with the FLSA.

13. Plaintiff and those similarly situated assistant managers were entitled to an overtime rate of pay equal to time and one-half wages for overtime hours worked (the "overtime rate of pay").

14. In the course of employment with CVS, the Plaintiff and other current and former employees similarly situated were not paid their overtime rate of pay for all overtime hours worked.

15. There are estimated to be several thousand current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted class so that all claims may be resolved efficiently and in a single proceeding.

16. The records, if any, should be in the custody or control of CVS concerning the identity of the members of the asserted class, their dates of employment, and the compensation actually paid, or not paid, to such employees.

### Further Jurisdictional Allegations

17. Venue is proper. The Court has jurisdiction over the Defendants and in regard to each opt-in Plaintiff joining this lawsuit.

### Damages, Liquidated Damages, and Other Relief

18. Plaintiff has retained the law firm of Feiler & Leach, P.L. to represent him. Plaintiff has incurred, and will continue to incur, attorneys' fees and costs accordingly, as will persons opting in to this collective action. These attorneys' fees and costs are a proper part of the relief sought in this action pursuant to 28 U.S.C. §216(b).

19. Plaintiff and those similarly situated seek to recover relief from Defendants that include, but is not limited to, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of the FLSA.

### Count I - Recovery of Overtime Compensation

20. Plaintiff readopts and realleges herein all allegations in Paragraphs 1 through 19 above.

21. Plaintiff is entitled to be paid an overtime rate of pay for each hour, or part thereof, worked in excess of forty (40) hours per work week.

22. All similarly situated employees in the assistant manager mis-classified class are likewise owed their respective overtime rate of pay for each overtime hour they worked and were not properly paid.

23. The failure of CVS to comply with the FLSA was intentional, willful and unlawful.

24. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiff and those similarly situated to him) have suffered, and those still employed continue to suffer, damages plus incurring costs and attorneys' fees in bringing this action.

25. As a result of Defendants' willful violation fo the FLSA, all Plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages.

26. Plaintiff demands a jury trial on all counts.

WHEREFORE, Plaintiff and those similarly situated to him who have or will opt into this action, demand judgment against Defendants, CVS CAREMARK CORPORATION, CVS PHARMACY, INC., and HOLIDAY CVS, L.L.C., and against XYZ ENTITIES 1-1000, jointly and severally, for all damages, including without limitation the payment of all overtime hours at the respective overtime rates of pay due Plaintiff and those similarly situated for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees, costs of suit, prejudgment interest, and all other available relief.

Dated this August 28, 2009.

        **FEILER & LEACH, P.L.**
        Attorneys for Plaintiff
        901 Ponce de Leon Boulevard
        Penthouse Suite
        Coral Gables, FL 33134-3009
        Telephone: (305) 441-8818
        Facsimile: (305) 441-8081
        Email: MEL@flmlegal.com

By: _____
        **Martin E. Leach**
        Fla. Bar No. 0037990

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

09-22553

FILED by _RGS_ D.C.

AUG 28 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JOACHIM E. TRAEBECKE

### DEFENDANTS
HOLIDAY CVS, LLC, et al.

**(b)** County of Residence of First Listed Plaintiff: **DADE**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **DADE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**CIV-UNGARO**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Martin E. Leach, Esq.
Feiler & Leach, P.L.
901 Ponce de Leon Blvd, Coral Gables, Florida 33134
(305) 441-8818 Telephone
(305) 441-8081 Facsimile    MeL@flmlegal.com

Attorneys (If Known)

**MAGISTRATE JUDGE SIMONTON**

**(d)** Check County Where Action Arose: ☒ DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty |  |  |
|  | | ☐ 540 Mandamus & Other |  |  |
|  | **PERSONAL INJURY** | ☐ 550 Civil Rights |  |  |
|  | ☐ 362 Personal Injury - Med. Malpractice | ☐ 555 Prison Condition |  |  |
|  | ☐ 365 Personal Injury - Product Liability |  |  |  |
|  | ☐ 368 Asbestos Personal Injury Product Liability |  |  |  |
|  | **PERSONAL PROPERTY** |  |  |  |
|  | ☐ 370 Other Fraud |  |  |  |
|  | ☐ 371 Truth in Lending |  |  |  |
|  | ☐ 380 Other Personal Property Damage |  |  |  |
|  | ☐ 385 Property Damage Product Liability |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity).)
Fair Labor Standards Act ("FLSA") 29 U.S.C. 201
LENGTH OF TRIAL via **4** days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: **August 31, 2009**
SIGNATURE OF ATTORNEY OF RECORD: _/s/ M. Leach_
Martin E. Leach    FBN: 0037990

FOR OFFICE USE ONLY
RECEIPT #    AMOUNT    APPLYING IFP